DECIDED JUNE 15, 1917.

Action on contract; from Fulton superior court—Judge Ellis. January 27, 1916.

*James L. Key,* for plaintiff in error.

*Walter A. Sims,* contra.

---

### 8282.   SOUTHERN RAILWAY COMPANY *v.* WAGGONER.

LUKE, J.   1.   There was evidence authorizing the jury to find that the plaintiff was on the tracks of the defendant as a licensee, in the exercise of ordinary care, and was injured by the alleged negligence of the defendant.

2. Upon the facts of this case this court can not say that the verdict (of $1,250) was excessive.

3. There was error in the following instructions to the jury:   "The law required of the defendant in this case the exercise of ordinary care, and the legal meaning of ordinary care is just that care that every prudent man would exercise under the same or similar circumstances. As applied to this defendant it means just that care that every prudent railroad company, acting through its servants and employees, would exercise under the same or similar circumstances. If that degree of care was exercised, there could have been no negligence. If that degree of care was not exercised, in so far as the particulars charged against it are concerned, that would constitute negligence."   The charge here quoted is inaccurate, because, as was said in *Southern Ry. Co.* v. *Hill,* 139 *Ga.* 549, 554 (77 S. E. 803), "Ordinary care is a relative term, and what is ordinary care is to be measured by the nature of each particular case, and can not be determined abstractly.   A railroad corporation, considered as a legal fiction, is an abstraction; but looked at from the point of an aggregation of persons using certain instrumentalities and engaged in the performance of a particular act, it becomes a concrete entity.   When we speak colloquially of a railroad company doing a particular act, we have in mind, and are understood to mean, that the act is being performed by the agents of the company. The standard of ordinary care is not what a prudent railroad company, or a prudent industrial corporation, or a prudent merchant, or a prudent manufacturer would have done under given circumstances, but it is that care which ordinarily prudent men engaged in the particular act complained of would have exercised.   The jury may have understood the reference to the care exercised by a prudent railway company

as that care which ordinarily prudent men, acting for and in behalf of the company, would exercise under the same or similar circumstances, or they may have fixed some artificial standard of what they considered would have been the duty of a prudent railroad company." The part of the charge in question, however, when considered in the light of the charge as a whole, was perhaps more harmful to the plaintiff than to the defendant; at any rate is not reversible error.

4. No assignments of error as to other parts of the charge of the court, when the charge is considered as a whole, require a reversal of the judgment in this case.

Judgment affirmed.. Wade, C. J., and George, J., concur.

DECIDED JUNE 15, 1917. REHEARING DENIED JULY 9, 1917.

Action for damages; from DeKalb superior court—Judge Smith. May 27, 1916.

McDaniel & Black, for plaintiff in error.

Hewlett, Dennis & Whitman, contra.